B1 (Official Form 1) (04/13)

| **United States Bankruptcy Court**<br>**District of Delaware** | **Voluntary Petition** |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**Colt Defense LLC** | Name of Joint Debtor (Spouse) (Last, First, Middle):<br>**N/A** |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names):<br>**N/A** | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names):<br>**N/A** |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all):<br>**32-0031950** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all):<br>**N/A** |
| Street Address of Debtor (No. & Street, City, State):<br>**547 New Park Avenue**<br>**West Hartford, Connecticut**          06110 | Street Address of Joint Debtor (No. & Street, City, State):<br>**N/A** |
| County of Residence or of the Principal Place of Business:<br>**Hartford County** | County of Residence or of the Principal Place of Business:<br>**N/A** |
| Mailing Address of Debtor (if different from street address):<br>**N/A** | Mailing Address of Joint Debtor (if different from street address):<br>**N/A** |
| Location of Principal Assets of Business Debtor (if different from street address above): **N/A** | |

---

**Type of Debtor**
(Form of Organization)
(Check one box)

☐ Individual (includes Joint Debtors)
*See Exhibit D on page 2 of this form.*
☒ Corporation (includes LLC and LLP)
☐ Partnership
☐ Other (If debtor is not one of the
above entities, check this box and
state type of entity below)

**Chapter 15 Debtors**
Country of debtor's center of main interests:

Each country in which a foreign proceeding by,
regarding, or against debtor is pending:

**Nature of Business**
(Check one box)

☐ Health Care Business
☐ Single Asset Real Estate as defined in
11 U.S.C. § 101 (51B)
☐ Railroad
☐ Stockbroker
☐ Commodity Broker
☐ Clearing Bank
☒ Other

**Tax-Exempt Entity**
(Check box, if applicable.)

☐ Debtor is a tax-exempt organization
under Title 26 of the United States
Code (the Internal Revenue Code).

**Chapter of Bankruptcy Code Under Which**
**the Petition is Filed (Check one box)**

☐ Chapter 7
☐ Chapter 9
☒ Chapter 11
☐ Chapter 12
☐ Chapter 13

☐ Chapter 15 Petition for
Recognition of a Foreign
Main Proceeding
☐ Chapter 15 Petition for
Recognition of a Foreign
Nonmain Proceeding

**Nature of Debts**
(Check one box.)

☐ Debts are primarily consumer
debts, defined in 11 U.S.C.
§ 101(8) as "incurred by an
individual primarily for a
personal, family, or household
purpose."
☒ Debts are primarily
business debts.

---

**Filing Fee (Check one box)**

☒ Full Filing Fee attached

☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed
application for the court's consideration certifying that the debtor is unable to pay fee except in
installments. Rule 1006(b). See Official Form No. 3A.

☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed
application for the court's consideration. See Official Form 3B.

**Statistical/Administrative Information**

☒ Debtor estimates that funds will be available for distribution to unsecured creditors.
☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid,
there will be no funds available for distribution to unsecured creditors.

**Chapter 11 Debtors**

Check one box:
☐ Debtor is a small business as defined in 11 U.S.C. § 101(51D).
☒ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).

Check if:
☐ Debtor's aggregate noncontingent liquidated debts (excluding
debts owed to insiders or affiliates) are less than $2,490,925 (amount subject to
adjustment on 4/01/16 and every three years thereafter)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Check all applicable boxes:
☐ A plan is being filed with this petition.
☐ Acceptances of the plan were solicited prepetition from one
or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

---

Estimated Number of Creditors

| ☒ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-<br>5,000 | 5,001-<br>10,000 | 10,001-<br>25,000 | 25,001-<br>50,000 | 50,001-<br>100,000 | Over-<br>100,000 |

Estimated Assets

| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☒ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|
| $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001 to<br>$500,000 | $500,001<br>to $1<br>Million | $1,000,001<br>to $10<br>million | $10,000,001<br>to $50<br>million | $50,000,001<br>to $100<br>million | $100,000,001<br>to $500<br>million | $500,000,001<br>to $1 billion | More than<br>$1 billion |

Estimated Liabilities

| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☒ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|
| $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001 to<br>$500,000 | $500,001<br>to $1<br>million | $1,000,001<br>to $10<br>million | $10,000,001<br>to $50<br>million | $50,000,001<br>to $100<br>million | $100,000,001<br>to $500<br>million | $500,000,001<br>to $1 billion | More than<br>$1 billion |

THIS SPACE IS FOR COURT
USE ONLY

B1 (Official Form 1) (04/13)

| **Voluntary Petition**<br>*(This page must be completed and filed in every case.)* | **Name of Debtor(s):**<br>**Colt Defense LLC** | |
|---|---|---|
| **All Prior Bankruptcy Case Filed Within Last 8 Years** (If more than two, attach additional sheet) | | |
| Location<br>Where Filed: **N/A** | Case Number: **N/A** | Date Filed: **N/A** |
| Location<br>Where Filed: **N/A** | Case Number: **N/A** | Date Filed: **N/A** |
| **Pending Bankruptcy Case Filed by any Spouse, Partner or Affiliate of this Debtor** (If more than one, attach additional sheet) | | |
| Name of Debtor:<br>**See Schedule 1 attached hereto** | Case Number: **Pending** | Date Filed: **June 14, 2015** |
| District:<br>**Delaware** | Relationship: **Affiliate** | Judge: **Pending** |

| **Exhibit A** | **Exhibit B** |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)<br><br>☐   Exhibit A is attached and made a part of this petition. | (To be completed if debtor is an individual<br>whose debts are primarily consumer debts)<br><br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I delivered to the debtor the notice required by 11 U.S.C. § 342(b).<br><br>X _____<br>  Signature of Attorney for Debtor(s)          Date |

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐   Yes, and Exhibit C is attached and made a part of this petition.

☒   No

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☐   Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

☐   Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**
(Check any applicable box)

☒   Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☒   There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐   Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
*Check all applicable boxes.*

☐   Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐   Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐   Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐   Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l))

B1 (Official Form 1) (04/13)

| Voluntary Petition | Name of Debtor(s): |
|---|---|
| *(This page must be completed and filed in every case)* | **Colt Defense LLC** |

**Signatures**

**Signature(s) of Debtor(s) (Individual/Joint)**

I declare under penalty of perjury that the information provided in this petition is true and correct.

[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.

[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
   Signature of Debtor

X _____
   Signature of Joint Debtor

_____
Telephone Number (if not represented by attorney)

_____
Date

**Signature of a Foreign Representative**

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box.)

☐   I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.

☐   Pursuant to 11 U.S.C. § 1515, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X _____
(Signature of Foreign Representative)

_____
(Printed Name of Foreign Representative)

_____
Date

**Signature of Attorney\***

X _____
Signature of Attorney for Debtor(s)
**Jason M. Madron (No. 4431)**
Printed Name of Attorney for Debtor(s)
**Richards, Layton & Finger, P.A.**
Firm Name
**One Rodney Square, 920 N. King St., Wilmington, DE, 19801**
Address
**(302) 651-7700**
Telephone Number
**June 14, 2015**
Date

\*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

**Signature of Non-Attorney Bankruptcy Petition Preparer**

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social-Security Number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)

_____
Address

X _____
   Signature

_____
Date

Signature of Bankruptcy Petition Preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.*

**Signature of Debtor (Corporation/Partnership)**

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Authorized Individual
**Dennis Veilleux**
Printed Name of Authorized Individual
**President and Chief Executive Officer**
Title of Authorized Individual
**June 14, 2015**
Date

## SCHEDULE 1

**Pending Bankruptcy Cases Filed by Colt in this Court**

On the date hereof, each of the affiliated entities listed below (collectively, "**Colt**") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, in the United States Bankruptcy Court for the District of Delaware. Contemporaneously herewith, Colt is filing a motion requesting the joint administration of these chapter 11 cases for procedural purposes only under the case number assigned to Colt Holding Company LLC.

1. Colt Holding Company LLC
2. Colt Security LLC
3. Colt Defense LLC
4. Colt Finance Corp.
5. New Colt Holding Corp.
6. Colt's Manufacturing Company LLC
7. Colt Defense Technical Services LLC
8. Colt Canada Corporation
9. Colt International Coöperatief U.A.
10. CDH II Holdco Inc.

RESOLUTIONS
OF
COLT DEFENSE LLC
CDH II HOLDCO INC.
COLT DEFENSE TECHNICAL SERVICES LLC
COLT FINANCE CORP.
NEW COLT HOLDING CORP.
COLT'S MANUFACTURING COMPANY LLC
COLT SECURITY LLC


The following are resolutions for Colt Defense LLC, a Delaware limited liability company (the "Company"), CDH II Holdco Inc., a Delaware corporation ("CDH"), Colt Defense Technical Services LLC, a Delaware limited liability company ("CDTS"), Colt Finance Corp., a Delaware corporation ("Colt Finance"), New Colt Holding Corp., a Delaware corporation ("New Colt"), Colt's Manufacturing Company LLC, a Delaware limited liability company ("Colt's Manufacturing" and together with the Company, CDTS, Colt Finance, CDH and New Colt, the "Loan Parties"), and Colt Security LLC, a Delaware limited liability company ("Colt Security" and together with the Loan Parties, the "Colt Entities").

### *Chapter 11 Cases*

WHEREAS, on June 14, 2015, the authorizing bodies of each of the Colt Entities have considered the business and financial conditions and results of operations of the Colt Entities as of the date hereof, including the assets and liabilities of the Colt Entities, and have adopted the following resolutions; and

WHEREAS, the Colt Entities, in consultation with management of the Colt Entities and their financial and legal advisors, have determined that it is desirable and in the best interests of each of the Colt Entities and their creditors, employees, and other interested parties that a petition be filed by each of the Colt Entities seeking relief under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code");

NOW, THEREFORE, BE IT RESOLVED, that the Colt Entities be, and they hereby are, authorized and empowered to file petitions seeking relief under the provisions of chapter 11 of the Bankruptcy Code; and be it further

RESOLVED, that Colt Holding Company LLC is also authorized, on behalf of the Company, to commence a recognition proceeding under Part IV of the Companies' Creditors Arrangement Act (Canada) in the Ontario Superior Court of Justice (Commercial List) to recognize in Canada the chapter 11 cases described above as foreign main proceedings, and to file all petitions, schedules, lists, motions, certifications, agreements, instruments, affidavits, acknowledgments, applications it deems necessary, proper, or desirable in connection with the Part IV proceeding.

RESOLVED, that any officer or officers of the Colt Entities (each an "Authorized Officer" and collectively, "Authorized Officers") is hereby authorized and empowered, on behalf of and in the name of the Colt Entities, to execute and verify all petitions under chapter 11 of the

Bankruptcy Code and to cause the same to be filed in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") and to commence any ancillary or related proceedings as may be necessary or appropriate to effectuate the restructuring of the Colt Entities and to execute, verify, and cause to be filed all documents in furtherance thereof, at such time as such Authorized Officer executing the same shall determine; and be it further

RESOLVED, that each Authorized Officer is hereby authorized and empowered, on behalf of and in the name of the Colt Entities, to negotiate, enter into, execute, deliver, certify, file, record, and perform, or cause to be negotiated, entered into, executed, delivered, certified, filed, recorded, and performed, any and all petitions, schedules, lists, motions, certifications, agreements, instruments, affidavits, acknowledgments, applications, including, without limitation, applications for approvals or rulings of governmental or regulatory authorities, pleadings, or other documents and to take, or cause to be taken, such other actions, as in the judgment of such Authorized Officer shall be or become necessary, proper, or desirable in connection with the Colt Entities' chapter 11 cases.

### Senior DIP Credit Agreement

WHEREAS, the Company, Colt's Manufacturing and Colt Canada Corporation, a Nova Scotia unlimited company ("Colt Canada," together, with the Company and Colt's Manufacturing, the "Senior DIP Borrowers"), as borrowers, have requested that the lenders identified on the signature pages thereof (the "Senior DIP Lenders") provide a debtor-in-possession delayed draw term loan credit facility pursuant to a senior secured super-priority debtor-in-possession credit agreement (the "Senior DIP Credit Agreement") among the Senior DIP Borrowers, CDTS, Colt Finance, New Colt, CDH, and Colt International Coöperatief U.A., a cooperative (coöperatie) incorporated under Dutch law, registered with the trade register of the Chambers of Commerce in the Netherlands under number 56651317 ("Dutch Holdings" and together with CDTS, Colt Finance, CDH and New Colt, the "Senior DIP Guarantors"), as guarantors, the Senior DIP Lenders and Cortland Capital Market Services LLC, as agent for the Senior DIP Lenders (the "Senior DIP Agent"), in connection with the chapter 11 filing by the Loan Parties, and to permit certain related transactions, and Senior DIP Lenders have indicated their willingness to do so on the terms and conditions set forth therein (any capitalized terms used in this portion of the resolutions shall have the meaning assigned to such terms in the Senior DIP Credit Agreement);

WHEREAS, in connection with the Senior DIP Credit Agreement, the Senior DIP Lenders are requiring the Senior DIP Guarantors to enter into a Guaranty (the "Senior DIP Guaranty"), a form (containing all material terms) of which has been presented to and reviewed by the sole member, governing board or board of directors, as applicable, of each Loan Party, pursuant to which, among other things, the Senior DIP Guarantors will guarantee the obligations of the Senior DIP Borrowers under the Senior DIP Credit Agreement;

WHEREAS, in connection with the Senior DIP Credit Agreement, the Senior DIP Lenders are requiring the Loan Parties to enter into a security agreement (the "Senior DIP Security Agreement") a form (containing all material terms) of which has been presented to and reviewed by the sole member, governing board or board of directors, as applicable, of each Loan Party, pursuant to which, among other things, the grantors under the Senior DIP Security

Agreement (the "Senior DIP Grantors") have agreed to, among other things, grant a continuing security interest in substantially all the assets of each of the Senior DIP Grantors that now or hereafter come into the possession, custody or control of the Senior DIP Grantors, in order to secure the prompt and complete payment, observance and performance of, among other things, the Obligations under the Senior DIP Credit Agreement or, as applicable, the Guarantied Obligations (as defined in the Senior DIP Guaranty) under the Senior DIP Guaranty;

WHEREAS, in connection with the Senior DIP Credit Agreement and the transactions contemplated thereby, each of the Senior DIP Borrowers and the Senior DIP Guarantors may be required to enter into certain other instruments, agreements or documents related thereto, including without limitation, intellectual property security agreements, control agreements, assignment agreements, stock powers, mortgages, share pledges, pledge agreements, security agreements, intercreditor agreements, intercompany subordination agreements, payoff letters and agency fee letters (collectively, together with the Senior DIP Credit Agreement, the "Senior DIP Documents");

WHEREAS, forms of the Senior DIP Credit Agreement, the Senior DIP Security Agreement and the Senior DIP Guaranty have been presented to and reviewed by the sole member, governing board or board of directors, as applicable, of each Loan Party, and the restructuring committee created pursuant to resolutions of the Company dated November 17, 2014 (the "Restructuring Committee");

WHEREAS, the Restructuring Committee was also presented with various alternatives for obtaining financing outside of the Senior DIP Credit Agreement and discussed such alternatives at a meeting of the Restructuring Committee that took place on June 14, 2015;

WHEREAS, based on its review of all available alternatives and advice provided by professionals retained by the Company, the Restructuring Committee has unanimously recommended to the governing board of the Company that it is in the best interest of the Loan Parties and their stakeholders for the Loan Parties to take the actions specified in the following paragraph;

WHEREAS, the sole member, governing board or board of directors, as applicable, of each Loan Party has determined that the transactions contemplated by the Senior DIP Credit Agreement, the Senior DIP Security Agreement, the Senior DIP Guaranty and the other Senior DIP Documents are in the best interests of the Loan Parties and their stakeholders and that it is in the best interests of the Loan Parties to (i) execute and deliver the Senior DIP Credit Agreement, the Senior DIP Security Agreement, the Senior DIP Guaranty and the other Senior DIP Documents, and (ii) authorize the officers of the Loan Parties to take any and all actions as any such officer may deem appropriate to effect and perform the transactions contemplated thereby;

NOW, THEREFORE, BE IT RESOLVED, that (a) the form, terms and provisions of the Senior DIP Credit Agreement, the Senior DIP Security Agreement and the Senior DIP Guaranty, (b) the transactions contemplated thereby, and (c) the performance by the Loan Parties party thereto of all of their obligations pursuant thereto, be, and they thereby are, in all respects

authorized, ratified, approved, and adopted by the sole member, governing board or board of directors, as applicable, on behalf of each Loan Party; and be it further

RESOLVED, that the Authorized Officers be, and each of them individually hereby is, authorized and empowered and directed to execute, deliver, and perform, in the name and on behalf of the Loan Parties, the Senior DIP Credit Agreement, the Senior DIP Security Agreement, the Senior DIP Guaranty and the other Senior DIP Documents and any other related agreement or document that any Authorized Officer may deem necessary or advisable to consummate the transactions contemplated by the foregoing, including, without limitation, any additional security documents, guarantees, reaffirmations, control agreements or amendments to existing documents, and to negotiate the forms, terms and provisions of, and to execute and deliver, any amendments, modifications, waivers or consents to any of the foregoing as may be approved by any Authorized Officer, such approval to be conclusively evidenced by the execution and delivery thereof by any Authorized Officer, which amendments, modifications, waivers or consents may provide for consent payments, fees or other amounts payable or other modifications of or relief under such agreements or documents, the purpose of such amendments, modifications, waivers or consents being to facilitate consummation of the transactions contemplated by the foregoing resolutions or for any other purpose; and be it further

RESOLVED, that the Authorized Officers be, and each of them individually hereby is, authorized and empowered and directed, in the name of and on behalf of the Loan Parties, to negotiate, execute, deliver, record and/or file all documents, agreements and instruments (including, without limitation, (i) Uniform Commercial Code financing statements, (ii) blocked account agreements, (iii) account control agreements and (iv) any Collateral in its possession (including one or more stock certificates (or, as applicable, other certificates) evidencing the capital stock (or other equity interests, as applicable) of its subsidiaries or notes evidencing debt owed to it (accompanied by one or more stock powers (or, as applicable, other transfer powers) or note powers duly executed in blank by any Authorized Officer))), and to do any and all other acts as may be required or as they, or any of them, may deem necessary or appropriate to carry out and perform, to give effect to, or to cause the Loan Parties to comply with, the terms of, or the transactions contemplated by the Senior DIP Credit Agreement, the Senior DIP Security Agreement, the Senior DIP Guaranty and the other Senior DIP Documents and any other related agreement or document that any Authorized Officer may deem necessary or advisable to consummate the transactions contemplated by the foregoing, such Authorized Officer's performance of any such act and his or her execution and delivery of any such document, agreement or instrument to be conclusive evidence of each Loan Party's approval thereof, and to honor and discharge its obligations thereunder.

### *Term DIP Loan Agreement*

WHEREAS, the Company, Colt Finance, New Colt, Colt's Manufacturing and Colt Canada (collectively, the "Term DIP Loan Borrowers"), as borrowers, have requested that the lenders identified on the signature pages thereof (the "Term DIP Loan Lenders") provide a debtor-in-possession delayed draw term loan credit facility pursuant to a senior secured superpriority debtor-in-possession term loan agreement (the "Term DIP Loan Agreement") among the Term DIP Loan Borrowers, CDTS, CDH and Dutch Holdings (Dutch Holdings, together with CDTS and CDH, the "Term DIP Loan Guarantors"), as guarantors, the Term DIP

Loan Lenders and Wilmington Savings Fund Society, FSB, as agent for the Term DIP Loan Lenders (the "Term DIP Loan Agent"), in connection with the chapter 11 filing by the Loan Parties, and to permit certain related transactions, and Term DIP Loan Lenders have indicated their willingness to do so on the terms and conditions set forth therein (any capitalized terms used in this portion of the resolutions shall have the meaning assigned to such terms in the Term DIP Loan Agreement);

WHEREAS, in connection with the Term DIP Loan Agreement, the Term DIP Loan Lenders are requiring the Term DIP Loan Guarantors to enter into a Guaranty (the "Term DIP Loan Guaranty"), a form (containing all material terms) of which has been presented to and reviewed by the sole member, governing board or board of directors, as applicable, of each Loan Party, pursuant to which, among other things, the Term DIP Loan Guarantors will guarantee the obligations of the Term DIP Loan Borrowers under the Term DIP Loan Agreement;

WHEREAS, in connection with the Term DIP Loan Agreement, the Term DIP Loan Lenders are requiring the Loan Parties to enter into a security agreement (the "Term DIP Loan Security Agreement") a form (containing all material terms) of which has been presented to and reviewed by the sole member, governing board or board of directors, as applicable, of each Loan Party, pursuant to which, among other things, the grantors under the Term DIP Loan Security Agreement (the "Term DIP Loan Grantors") have agreed to, among other things, grant a continuing security interest in substantially all the assets of each of the Term DIP Loan Grantors that now or hereafter come into the possession, custody or control of the Term DIP Loan Grantors, in order to secure the prompt and complete payment, observance and performance of, among other things, the Obligations under the Term DIP Loan Agreement or, as applicable, the Guarantied Obligations (as defined in the Term DIP Loan Guaranty) under the Term DIP Loan Guaranty;

WHEREAS, in connection with the Term DIP Loan Agreement and the transactions contemplated thereby, each of the Term DIP Loan Borrowers and the Term DIP Loan Guarantors may be required to enter into certain other instruments, agreements or documents related thereto, including without limitation, intellectual property security agreements, control agreements, assignment agreements, stock powers, mortgages, share pledges, pledge agreements, security agreements, intercreditor agreements, intercompany subordination agreements, payoff letters and agency fee letters (collectively, together with the Term DIP Loan Agreement, the "Term DIP Loan Documents");

WHEREAS, forms of the Term DIP Loan Agreement, the Term DIP Loan Security Agreement and the Term DIP Loan Guaranty have been presented to and reviewed by the sole member, governing board or board of directors, as applicable, of each Loan Party, and the Restructuring Committee;

WHEREAS, the Restructuring Committee was also presented with various alternatives for obtaining financing outside of the Term DIP Loan Agreement and discussed such alternatives at a meeting of the Restructuring Committee that took place on June 14, 2015;

WHEREAS, based on its review of all available alternatives and advice provided by professionals retained by the Company, the Restructuring Committee has unanimously

recommended to the governing board of the Company that it is in the best interest of the Loan Parties and their stakeholders for the Loan Parties to take the actions specified in the following paragraph;

WHEREAS, the sole member, governing board or board of directors, as applicable, of each Loan Party has determined that the transactions contemplated by the Term DIP Loan Agreement, the Term DIP Loan Security Agreement, the Guaranty and the other Term DIP Loan Documents are in the best interests of the Loan Parties and their stakeholders and that it is in the best interests of the Loan Parties to (i) execute and deliver the Term DIP Loan Agreement, the Term DIP Loan Security Agreement, the Term DIP Loan Guaranty and the other Term DIP Loan Documents, and (ii) authorize the officers of the Loan Parties to take any and all actions as any such officer may deem appropriate to effect and perform the transactions contemplated thereby;

NOW, THEREFORE, BE IT RESOLVED, that (a) the form, terms and provisions of the Term DIP Loan Agreement, the Term DIP Loan Security Agreement and the Term DIP Loan Guaranty, (b) the transactions contemplated thereby, and (c) the performance by the Loan Parties party thereto of all of their obligations pursuant thereto, be, and they thereby are, in all respects authorized, ratified, approved, and adopted by the sole member, governing board or board of directors, as applicable, on behalf of each Loan Party; and be it further

RESOLVED, that the Authorized Officers, acting alone or in combination with one another, be, and each of them individually hereby is, authorized and empowered and directed to execute, deliver, and perform, in the name and on behalf of the Loan Parties, the Term DIP Loan Agreement, the Term DIP Loan Security Agreement, the Term DIP Loan Guaranty and the other Term DIP Loan Documents and any other related agreement or document that any Authorized Officer may deem necessary or advisable to consummate the transactions contemplated by the foregoing, including, without limitation, any additional security documents, guarantees, reaffirmations, control agreements or amendments to existing documents, and to negotiate the forms, terms and provisions of, and to execute and deliver, any amendments, modifications, waivers or consents to any of the foregoing as may be approved by any Authorized Officer, such approval to be conclusively evidenced by the execution and delivery thereof by any Authorized Officer, which amendments, modifications, waivers or consents may provide for consent payments, fees or other amounts payable or other modifications of or relief under such agreements or documents, the purpose of such amendments, modifications, waivers or consents being to facilitate consummation of the transactions contemplated by the foregoing resolutions or for any other purpose; and be it further

RESOLVED, that the Authorized Officers be, and each of them individually hereby is, authorized and empowered and directed, in the name of and on behalf of the Loan Parties, to negotiate, execute, deliver, record and/or file all documents, agreements and instruments (including, without limitation, (i) Uniform Commercial Code financing statements, (ii) blocked account agreements, (iii) account control agreements and (iv) any Collateral in its possession (including one or more stock certificates (or, as applicable, other certificates) evidencing the capital stock (or other equity interests, as applicable) of its subsidiaries or notes evidencing debt owed to it (accompanied by one or more stock powers (or, as applicable, other transfer powers) or note powers duly executed in blank by any Authorized Officer))), and to do

any and all other acts as may be required or as they, or any of them, may deem necessary or appropriate to carry out and perform, to give effect to, or to cause the Loan Parties to comply with, the terms of, or the transactions contemplated by the Term DIP Loan Agreement, the Term DIP Loan Security Agreement, the Guaranty and the other Term DIP Loan Documents and any other related agreement or document that any Authorized Officer may deem necessary or advisable to consummate the transactions contemplated by the foregoing, such Authorized Officer's performance of any such act and his or her execution and delivery of any such document, agreement or instrument to be conclusive evidence of each Loan Party's approval thereof, and to honor and discharge its obligations thereunder.

### Intercreditor Agreement

WHEREAS, in connection with the Senior DIP Credit Agreement and the Term DIP Loan Agreement, the Senior DIP Agent and Term DIP Loan Agent are expected to enter into an intercreditor agreement (the "Intercreditor Agreement") pursuant to which, among other things, the Senior DIP Agent and Term DIP Loan Agent will agree to certain terms and conditions governing the relationship between them in respect of their security interests in the property and assets of the Loan Parties;

WHEREAS, based on its review of all available alternatives and advice provided by professionals retained by the Company, the Restructuring Committee has unanimously recommended to the governing board of the Company that it is in the best interest of the Loan Parties and their stakeholders for the Loan Parties to take the actions specified in the following paragraph;

WHEREAS, the sole member, governing board or board of directors, as applicable, of the Loan Parties have determined that the transactions contemplated by the Intercreditor Agreement are in the best interest of the Loan Parties and their stakeholders and that it is in the best interest of the Loan Parties to (i) execute and deliver the Intercreditor Agreement, and (ii) authorize the sole member, governing board or board of directors, as applicable, of the Loan Parties to take any and all actions as any such officer may deem appropriate to effect and perform the transactions contemplated by the Intercreditor Agreement;

NOW, THEREFORE, BE IT RESOLVED, that (a) the terms and provisions of the Intercreditor Agreement, (b) the transactions contemplated thereby, and (c) the performance by the Loan Parties of all of their obligations pursuant thereto, be, and they thereby are, in all respects authorized, ratified, approved, and adopted by the sole member, governing board or board of directors, as applicable, on behalf of each Loan Party; and be it further

RESOLVED, that the Authorized Officers, acting alone or in combination with one another, be, and each of them individually hereby is, authorized and empowered and directed to execute, deliver and perform, in the name and on behalf of the Loan Parties, the Intercreditor Agreement and any other related agreement or document that any Authorized Officer may deem necessary or advisable to consummate the transactions contemplated by the foregoing, including without limitation any additional security documents, guarantees, reaffirmations, control agreements or amendments to existing documents, and to negotiate the forms, terms and provisions of, and to execute and deliver, any amendments, modifications, waivers or consents to

any of the foregoing as may be approved by any Authorized Officer, such approval to be conclusively evidenced by the execution and delivery thereof by any Authorized Officer, which amendments, modifications, waivers or consents may provide for consent payments, fees or other amounts payable or other modifications of or relief under such agreements or documents, the purpose of such amendments, modifications, waivers or consents being to facilitate consummation of the transactions contemplated by the foregoing resolutions or for any other purpose; and be it further

RESOLVED, that the Authorized Officers be, and each of them individually hereby is, authorized and empowered and directed, in the name of and on behalf of the Loan Parties, to negotiate, execute, deliver, record and/or file all documents, agreements and instruments (including, without limitation, (i) Uniform Commercial Code financing statements, (ii) blocked account agreements, (iii) account control agreements and (iv) any Collateral in its possession (including one or more stock certificates (or, as applicable, other certificates) evidencing the capital stock (or other equity interests, as applicable) of its subsidiaries or notes evidencing debt owed to it (accompanied by one or more stock powers (or, as applicable, other transfer powers) or note powers duly executed in blank by any Authorized Officer))), and to do any and all other acts as may be required or as they, or any of them, may deem necessary or appropriate to carry out and perform, to give effect to, or to cause the Loan Parties to comply with, the terms of, or the transactions contemplated by the Intercreditor Agreement, and any other related agreement or document that any Authorized Officer may deem necessary or advisable to consummate the transactions contemplated by the foregoing, such Authorized Officer's performance of any such act and his or her execution and delivery of any such document, agreement or instrument to be conclusive evidence of each Loan Party's approval thereof, and to honor and discharge its obligations thereunder.

### *Approval of Other Documents and Agreements*

RESOLVED, that the Loan Parties be, and they hereby are, authorized and empowered and directed to grant security interests in, and to pledge their right, title and interest in, all present and after-acquired Accounts and Inventory of the Loan Parties, all proceeds thereof and substantially all of their other properties and assets (including, but not limited to, the Loan Parties' accounts, chattel paper, contracts, documents of title, fixtures, equipment, negotiable instruments, securities, inventory and other personal property (including general intangibles); their trademarks, patents, copyrights and licenses therefor; the capital stock of or equity interests in their subsidiaries; their real property; and the proceeds of any of the foregoing) as contemplated by the Senior DIP Credit Agreement, the Term DIP Loan Agreement, and/or any of the other agreements entered into pursuant thereto or in connection therewith, or as any Authorized Officer may deem necessary or advisable to carry out the terms, intents and purposes of the Senior DIP Credit Agreement, the other Senior DIP Documents, the Term DIP Loan Agreement, the other Term DIP Loan Documents, the transactions contemplated thereby, and the resolutions related thereto; and be it further

RESOLVED, that the execution of any Mortgages, which includes, but is not limited to, any deed of trust, trust deed, deed to secure debt or mortgage, by the Loan Parties with respect to the Real Property Collateral to secure the Obligations be, and they hereby are, authorized, ratified, approved and adopted in all respects, and the Authorized Officers be, and

each of them individually hereby is, authorized and empowered and directed, in the name and on behalf of the Loan Parties, to negotiate, prepare, execute and deliver the relevant Mortgages with such additions, changes and modifications thereto as may be approved by any Authorized Officer, any Authorized Officer's execution thereof to be conclusive evidence of such approval and of such Authorized Officer's authority to do so; and be it further

RESOLVED, that the Authorized Officers be, and each of them individually hereby is, authorized and empowered and directed to execute, deliver, record and/or file all financing statements, title affidavits, title insurance indemnities, documents and instruments and to do all other acts as may be required, appropriate or necessary to carry out and perform the Mortgages; and be it further

RESOLVED, that the Authorized Officers be, and each of them individually hereby is, authorized and empowered and directed to negotiate the form, terms and provisions of, and to execute and deliver in the name and on behalf of the Loan Parties, such interest rate, foreign exchange or currency exchange agreements, hedge agreements or other hedging agreements or arrangements as any of the Authorized Officers may deem necessary or advisable to carry out the terms, intents and purposes of the Senior DIP Credit Agreement, the other Senior DIP Documents, the Term DIP Loan Agreement, the other Term DIP Loan Documents, the transactions contemplated thereby and the resolutions related thereto, such Authorized Officer's performance of any such act and his or her execution and delivery of any such document, agreement or instrument to be conclusive evidence of the Loan Parties' approval thereof.

### Amendments, Waivers and Consents

RESOLVED, that the sole member, governing board or board of directors, as applicable, of each Loan Party, hereby authorizes and directs the Authorized Officers to prepare amendments, waivers or consents under the Senior DIP Documents, the Term DIP Loan Documents, the Intercreditor Agreement and the other agreements or documents relating to the Senior DIP Documents, the Term DIP Loan Documents and the Intercreditor Agreement, in each case as may be necessary or appropriate, which amendments, waivers or consents to such agreements or documents may provide for consent payments, fees or other amounts payable or other modifications of relief under such agreements or documents, the purpose of such amendments, waivers or consents being to facilitate consummation of the transactions contemplated by the foregoing resolutions or otherwise; and that such Authorized Officer or Authorized Officers be, and each of them hereby is, authorized to execute and deliver, or cause to be executed and delivered, in the name and on behalf of the Loan Parties, the amendments, waivers or consents under such agreements or documents as such Authorized Officers shall determine to be necessary or appropriate, in the forms negotiated by such Authorized Officers.

### Commencement of 363 Sale Process

WHEREAS, in connection with the commencement of the chapter 11 cases, a special committee of independent members of the governing board was formed pursuant to a motion (the "Special Committee Motion") unanimously approved at a meeting of the governing board on June 10, 2015 (the "Special Committee");

WHEREAS, the Special Committee Motion granted the Special Committee full authority to render any decisions on behalf of the Governing Board with respect to all aspects of the sale of substantially all of the Company pursuant to section 363 of the Bankruptcy Code (the "363 Sale Transaction");

WHEREAS, on June 12, 2015, the Special Committee received a letter, a term sheet, an asset sale support agreement, (collectively, the "Stalking Horse Bid Materials") describing the terms on which Sciens Capital Management or an affiliate thereof ("Sciens") would act as a stalking horse bidder in connection with the 363 Sale Transaction (the "Stalking Horse Bid");

WHEREAS, the Special Committee, with the assistance of the Company's legal and financial advisors, reviewed the Stalking Horse Bid Materials and the Company's motion and form of order requesting approval of bidding procedures related to the 363 Sale Transaction (the "Bidding Procedures Motion");

WHEREAS, the Special Committee, with the assistance of the Company's legal and financial advisors, assessed the fairness of the sale process described in the Bidding Procedures Motion and all terms and conditions associated with the Stalking Horse Bid;

WHEREAS, the Special Committee requested additional terms be incorporated into the Stalking Horse Bid Materials as more fully described in the annexed letter dated June 13, 2015 from John Rapisardi to counsel for Sciens (the "June 13 Letter") ;

WHEREAS, the Special Committee determined that the Bidding Procedures Motion and Stalking Horse Bid Materials as modified by the June 13 Letter were fair and reasonable and will not discourage competitive bidding in connection with the 363 Sale Transaction;

NOW, THEREFORE, BE IT RESOLVED, that the Company is authorized and allowed to file the Bidding Procedures Motion in a form substantially similar to the form presented to the Special Committee on June 12, 2015; and be it further

RESOLVED, that the Company is authorized and allowed to proceed with the sale process described in the Bidding Procedure Motion, including conducting an auction at which the Special Committee will determine the highest and best offer in connection with the 363 Sale Transaction; and be it further

RESOLVED, that the Company is authorized and allowed to file the Bidding Procedures Motion, which among other things shall describe the terms and conditions of the Stalking Horse Bid.

### RESOLVED, Retention of Advisors

RESOLVED, that the law firm of O'Melveny & Myers LLP be, and hereby is, employed as attorneys for the Colt Entities in connection with the Colt Entities' chapter 11 cases, subject to Bankruptcy Court approval; and be it further

RESOLVED, that the law firm of Richards, Layton & Finger, P.A. be, and hereby is, employed under a general retainer as local Delaware counsel for the Colt Entities in connection with the Colt Entities' chapter 11 cases, subject to Bankruptcy Court approval; and be it further

RESOLVED, that the law firm of Gowling Lafleur Henderson LLP be, and hereby is, employed under a general retainer as Canadian counsel for the Colt Entities in connection with the Colt Entities' chapter 11 cases, subject to Bankruptcy Court approval; and be it further

RESOLVED, that Perella Weinberg Partners LP be, and hereby is, employed as investment banker and financial advisor to the Colt Entities in connection with the Colt Entities' chapter 11 cases, subject to Bankruptcy Court approval; and be it further

RESOLVED, that Mackinac Partners LLC be, and hereby is, employed as restructuring advisor to the Colt Entities in connection with the Colt Entities' chapter 11 cases, subject to Bankruptcy Court approval; and be it further

RESOLVED, that Kurtzman Carson Consultants LLC be, and hereby is, employed as claims and noticing agent in connection with the Colt Entities' chapter 11 cases, subject to Bankruptcy Court approval; and be it further

RESOLVED, that the Authorized Officers be, and hereby are, authorized and empowered, on behalf of and in the name of the Colt Entities, to employ and retain all assistance by legal counsel, accountants, financial advisors, restructuring advisors, and other professionals, subject to Bankruptcy Court approval, and to perform any and all further acts and deeds the Authorized Officers deem necessary, proper, or desirable in furtherance thereof with a view to the successful prosecution of the Colt Entities' chapter 11 cases.

### *General Authority to Implement the Foregoing Resolutions*

RESOLVED, that the Authorized Officers be, and each of them hereby is, in the name and on behalf of the Colt Entities, authorized and empowered and directed to make any and all necessary filings, to take all such actions and to execute and deliver, or cause to be executed and delivered, all such agreements, amendments, certificates, instruments, and documents as such Authorized Officers may deem necessary or advisable to carry out the purposes and intent of the foregoing resolutions, with the making of any such filing, the taking of any such action or the execution and/or delivery of any such agreement, amendment, certificate, instrument or document constituting conclusive evidence of any such Authorized Officer's authority therefor and of the approval of the sole member, governing board or board of directors thereof, as applicable, and to take such other actions as any such Authorized Officer may deem necessary, desirable, advisable or appropriate to consummate, effectuate, carry out or further the agreements and transactions contemplated by, and the intent and purposes of, any of the foregoing resolutions; and be it further

RESOLVED, that the omission from these resolutions of any agreement, document or other arrangement contemplated by any of the agreements, documents or instruments described in the foregoing resolutions or any action to be taken in accordance with

any requirement of any of the agreements, documents or instruments described in the foregoing resolutions shall in no manner derogate from the authority of the Authorized Officers to take all actions necessary, desirable, advisable or appropriate to consummate, effectuate, carry out or further the transactions contemplated by, and the intent and purposes of, the foregoing resolutions; and be it further

RESOLVED, that each Authorized Officer be, and each of them hereby is, authorized and directed to take all such further action and to execute and deliver, or cause to be executed and delivered, all such further agreements, instruments and documents, in the name of and on behalf of the Colt Entities, under its corporate seal or otherwise, and to pay all such fees, expenses and taxes, as in his or her judgment shall be necessary, proper and advisable in order to fully carry out the intent and to accomplish the purposes of the foregoing resolutions; and be it further

RESOLVED, that all acts and things heretofore done by any Authorized Officer or by any employees or agents of the Colt Entities, on or before the date hereof in connection with the transactions contemplated by the foregoing resolutions be, and they hereby are, ratified, approved and confirmed in all respects by the sole member, governing board or board of directors, as applicable, on behalf of each Colt Entity.

**SECRETARY'S CERTIFICATE**

**COLT DEFENSE LLC**
**CDH II HOLDCO INC.**
**COLT FINANCE CORP.**
**NEW COLT HOLDING CORP.**
**COLT'S MANUFACTURING COMPANY LLC**
**COLT SECURITY LLC**
**AND**
**COLT DEFENSE TECHNICAL SERVICES LLC**

I, John Coghlin, being the Secretary and General Counsel of Colt Defense LLC, a Delaware limited liability company (the "**Company**") and Secretary of the entities listed on Schedule I hereto (together with the Company, the "**Colt Entities**"), hereby certify that the above resolutions were duly adopted at a meeting of the sole member, sole director, governing board or board of directors, as applicable, of each Colt Entity, duly held on ____June 14_____, 2015 at which the sole member, sole director, or a quorum of the members of said governing board or board of directors was present and acting throughout and that no action has been taken to rescind or amend said resolutions and that the same are now in full force and effect.

IN WITNESS WHEREOF, I hereby declare that the foregoing is true and correct:

Date: __June 14_____, 2015

_____
John Coghlin
Secretary

The undersigned, Dennis Veilleux, does certify on behalf of each Colt Entity that he is the duly qualified and acting President of each Colt Entity and that, on the date hereof, John Coghlin is the acting Secretary of each Colt Entity and that the above signature is his genuine signature.

_____
Dennis Veilleux
President

## SECRETARY'S CERTIFICATE

**COLT DEFENSE LLC**
**CDH II HOLDCO INC.**
**COLT FINANCE CORP.**
**NEW COLT HOLDING CORP.**
**COLT'S MANUFACTURING COMPANY LLC**
**COLT SECURITY LLC**
**AND**
**COLT DEFENSE TECHNICAL SERVICES LLC**

I, John Coghlin, being the Secretary and General Counsel of Colt Defense LLC, a Delaware limited liability company (the "**Company**") and Secretary of the entities listed on Schedule I hereto (together with the Company, the "**Colt Entities**"), hereby certify that the above resolutions were duly adopted at a meeting of the sole member, sole director, governing board or board of directors, as applicable, of each Colt Entity, duly held on ___June 14___, 2015 at which the sole member, sole director, or a quorum of the members of said governing board or board of directors was present and acting throughout and that no action has been taken to rescind or amend said resolutions and that the same are now in full force and effect.

IN WITNESS WHEREOF, I hereby declare that the foregoing is true and correct:

Date: ___June 14___, 2015

_____
John Coghlin
Secretary

The undersigned, Dennis Veilleux, does certify on behalf of each Colt Entity that he is the duly qualified and acting President of each Colt Entity and that, on the date hereof, John Coghlin is the acting Secretary of each Colt Entity and that the above signature is his genuine signature.

_____
Dennis Veilleux
President

## Schedule I

CDH II Holdco Inc.
Colt Finance Corp.
New Colt Holding Corp.
Colt's Manufacturing Company LLC
Colt Security LLC
Colt Defense Technical Services LLC

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------------- x

In re:                                          :        Chapter 11

                                                :

COLT DEFENSE LLC,                               :        Case No. 15-_____ ( )

                                                :

                              Debtor.           :        Joint Administration Requested

---------------------------------------------------------------------- x

## CONSOLIDATED LIST OF CREDITORS
## HOLDING 30 LARGEST UNSECURED CLAIMS

On the date hereof, the above-captioned debtor and certain affiliated entities[1] (collectively, the "**Debtors**") each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The following is a list of creditors holding the thirty (30) largest unsecured claims against the Debtors, prepared on a consolidated basis from the Debtors' unaudited books and records as of June 13, 2015 and in accordance with Bankruptcy Rule 1007(d). The list does not include (a) persons who come within the definition of "insider" set forth in section 101(31) of the Bankruptcy Code or (b) secured creditors, unless the value of the collateral securing such claim is such that the unsecured deficiency places the creditor among the holders of the thirty (30) largest unsecured claims.

Nothing herein shall constitute an admission of liability by, or be binding on, the Debtors. The Debtors reserve all rights to assert that any debt or claim listed herein is a disputed claim or debt, and to challenge the priority, nature, amount, or status of any such claim or debt. In the event of any inconsistencies between the summaries set forth below and the respective corporate and legal documents relating to such obligations, the corporate and legal documents shall control.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are Colt Holding Company LLC (0094); Colt Security LLC (4276); Colt Defense LLC (1950); Colt Finance Corp. (7687); New Colt Holding Corp. (6913); Colt's Manufacturing Company LLC (9139); Colt Defense Technical Services LLC (8809); Colt Canada Corporation (5534); Colt International Coöperatief U.A. (6822); and CDH II Holdco Inc. (1782). The address of the Debtors' corporate headquarters is: 547 New Park Avenue, West Hartford, Connecticut 06110.

| Name of Creditor | Mailing Address, Telephone Number, and Facsimile Number of Creditor | Nature of Claim | Contingent, Unliquidated, Disputed, or Subject To Setoff | Amount of claim (if secured, also sate value of security) |
|---|---|---|---|---|
| Wilmington Trust Company | 246 Goose Lane Suite 105 Guilford, CT 06437 Fax: 203-453-1183 | Bond Debt | | 260,937,500.00 |
| Magpul Industries Corp. | 8226 Bee Caves Road Austin, TX 78746 Fax: 303-828-3469 | Trade Debt | | 981,537.75 |
| Microbest, Inc. | 670 Captain Neville Drive Waterbury, CT 06705 Fax: 203-597-0655 | Trade Debt | | 755,172.85 |
| The Wilson Arms Company | 97 Leetes Island Road Branford, CT 06405 Fax: 203-488-0135 | Trade Debt | | 628,530.60 |
| Pricewaterhouse Coopers LLP | 185 Asylum St. Suite 2400 Hartford, CT 06103 Fax: 678-529-4615 | Services | | 551,653.00 |
| Schmid Tool & Engineering Inc. | 930 North Villa Avenue Villa Park, IL 60181 Fax: 630-333-1734 | Trade Debt | | 478,066.63 |
| Superior Plating Company | 2 Lacey Place Southport, CT 06890 Fax: 203-254-3618 | Trade Debt | | 404,200.96 |
| Deloitte Tax LLP | 200 Berkeley St. Boston, MA 02116-5022 Fax: 617-437-2000 | Services | | 398,573.00 |
| ESS Solutions | 500 High Street Central Falls, RI 02863 Fax: 401-785-9206 | Trade Debt | | 395,671.52 |
| Light Metals Coloring Co., Inc. | 270 Spring St Southington, CT 06489 Fax: 860-621-6312 | Trade Debt | | 360,967.01 |
| Pioneer Tool Supply Co., Inc. | 40 Bowles Rd P.O.Box 1270 Agawam, MA 01001 Fax: 413-739-7183 | Trade Debt | | 350,967.77 |
| B.M.L. Tool & Mfg. Corp. | 67 Enterprise Dr. Monroe, CT 06468 Fax: 203-261-8165 | Trade Debt | | 264,472.38 |
| Toth Inc. | 500 Harrison Avenue Suite 5F Boston, MA 02118 Fax: 617-252-0838 | Trade Debt | | 233,333.32 |

| Name of Creditor | Mailing Address, Telephone Number, and Facsimile Number of Creditor | Nature of Claim | Contingent, Unliquidated, Disputed, or Subject To Setoff | Amount of claim (if secured, also sate value of security) |
|---|---|---|---|---|
| Cambridge Valley Machining Inc. | 28 Perry Lane Cambridge, NY  12816 Fax: 518-677-5974 | Trade Debt | | 228,555.92 |
| Duz Manufacturing, Inc. | 87 Opal St. Milford, CT  06460 Fax: 203-876-2695 | Trade Debt | | 217,845.75 |
| Willis of New York, Inc. | 1 World Financial Center Paulus Hook New York, NY  10249-4557 Fax: 212-915-8511 | Services | | 203,581.50 |
| Accro-Met, Inc. | 3406 Westwood Industrial Dr. Monroe, NC  28110 Fax: 704-283-2112 | Trade Debt | | 193,935.47 |
| Creed Monarch, Inc. | 1 Pucci Park New Britain, CT  06051 Fax: 860-224-8762 | Trade Debt | | 185,161.95 |
| Cantor Colburn LLP | 20 Church St. 22nd Floor Hartford, CT  06103 Fax: 860-286-0115 | Services | | 165,478.52 |
| Rathbone Precision Metals, Inc. | 1241 Park St. Palmer, MA  01069 Fax: 413-283-8961 | Trade Debt | | 149,277.91 |
| L-3 Communications EOTech, Inc. | 23484 Network Place Chicago, IL  60673-1234 Fax: 734-741-8221 | Trade Debt | | 143,356.26 |
| Northern Precision Mfg. | 625 Colby Dr. Waterloo (Canada) ON N2V 1B4 Fax: 519-725-0500 | Trade Debt | | 142,078.61 |
| Alphacasting, Inc. | 391 Stex. Croix St-Laurent QC, H4N2L3 Fax: 514-748-0237 | Trade Debt | | 140,102.60 |
| Fidus Systems Inc. | 375 Terry Fox Dr. Ottawa (Canada) ON K2K 0J8 Fax: 613-595-1811 | Services | | 139,985.24 |
| Skadden, Arps, Slate, Meagher & Flom LLP | Four Times Square New York, NY  10036 Fax: 212-735-2000/1 | Services | | 130,000.00 |

| Name of Creditor | Mailing Address, Telephone Number, and Facsimile Number of Creditor | Nature of Claim | Contingent, Unliquidated, Disputed, or Subject To Setoff | Amount of claim (if secured, also sate value of security) |
|---|---|---|---|---|
| Aerial Industries Inc. | 145 Claireport Cres. Unit 10 Toronto (Canada) ON M9W 6R6 Fax: 416-675-1762 | Trade Debt | | 129,572.70 |
| U.S. Armament Corp | 121 Valley View Drive Ephrata, PA 17522 Fax: 717-738-4890 | Trade Debt | | 127,773.56 |
| Bourdon Forge Company, Inc. | 99 Tuttle Rd. Middletown, CT 06457 Fax: 860-632-7247 | Trade Debt | | 127,083.18 |
| Novak Designs Inc. | 1206 1/2 30th St. Parkersburg, WV 26104 Fax: 304-428-2676 | Trade Debt | | 120,624.14 |
| L.W. Schneider Inc. | 1180 North Sixth Street Princeton, IL 61356 Fax: 815-875-1402 | Trade Debt | | 119,026.64 |

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

----------------------------------------------------------------- x

In re:                                     :      Chapter 11
                                           :
COLT DEFENSE LLC,                          :      Case No. 15-_____ (  )
                                           :
                          Debtor.          :      Joint Administration Requested
                                           :

----------------------------------------------------------------- x

## DECLARATION REGARDING CONSOLIDATED LIST OF
## CREDITORS HOLDING 30 LARGEST UNSECURED CLAIMS

I, Dennis Veilleux, the undersigned authorized officer of the above-captioned debtor and certain affiliated entities[1] (collectively, the "**Debtors**"), declare under penalty of perjury that I have reviewed the foregoing Consolidated List of Creditors Holding 30 Largest Unsecured Claims against the Debtors submitted herewith and that such list is true and correct to the best of my knowledge, information, and belief.

Date: June 14, 2015

By: */s/ Dennis Veilleux* _____
Name: Dennis Veilleux
Title: President and Chief Executive Officer

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are Colt Holding Company LLC (0094); Colt Security LLC (4276); Colt Defense LLC (1950); Colt Finance Corp. (7687); New Colt Holding Corp. (6913); Colt's Manufacturing Company LLC (9139); Colt Defense Technical Services LLC (8809); Colt Canada Corporation (5534); Colt International Coöperatief U.A. (6822); and CDH II Holdco Inc. (1782). The address of the Debtors' corporate headquarters is: 547 New Park Avenue, West Hartford, Connecticut 06110.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

------------------------------------------------------------------ x

In re:                                                  :    Chapter 11

                                                        :

COLT DEFENSE LLC,                                       :    Case No. 15-_____ ( )

                                                        :

                                    Debtor.             :    Joint Administration Requested

                                                        :

------------------------------------------------------------------ x

**CORPORATE OWNERSHIP STATEMENT**

Pursuant to Bankruptcy Rules 1007(a)(1) and 7007.1, the following is a list of any corporation, other than a governmental unit, that directly or indirectly owns 10% or more of any class of equity interests in the above-captioned debtor.

| Debtor | Direct Owner(s) | Indirect Owners[1] |
|---|---|---|
| Colt Defense LLC | CDH II Holdco Inc. | Colt Holding Company LLC<br>Colt Defense Holding LLC<br>Colt Defense Holding III LP |

---

[1] The entities listed below include entities that manage multiple direct or indirect owners who, in the aggregate, own 10% or more of any class of equity interests in the Debtors.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

------------------------------------------------------------------------------ x

In re:                                              :        Chapter 11

                                                    :

COLT DEFENSE LLC,                                   :        Case No. 15-_____ ( )

                                                    :

                               Debtor.              :        Joint Administration Requested

------------------------------------------------------------------------------ x

**DECLARATION REGARDING**
**CORPORATE OWNERSHIP STATEMENT**

     I, Dennis Veilleux, the undersigned authorized officer of the above-captioned debtor, declare under penalty of perjury that I have reviewed the foregoing Corporate Ownership Statement and that such statement is true and correct to the best of my knowledge, information, and belief.

Date: June 14, 2015

By: */s/ Dennis Veilleux*_____

Name: Dennis Veilleux

Title: President and Chief Executive Officer

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------------- x

In re:                                    :    Chapter 11
                                          :
COLT DEFENSE LLC,                         :    Case No. 15-_____ (  )
                                          :
                        Debtor.           :    Joint Administration Requested
                                          :
-------------------------------------------------------------- x

## LIST OF EQUITY SECURITY HOLDERS

Pursuant to Bankruptcy Rule 1007(a)(3), the following is a list of entities holding an interest in the above-captioned debtor.

| Name and Last Known Address or Place of Business Holder | Nature of Interest Held | Amount of Interest Held |
|---|---|---|
| CDH II Holdco Inc.<br>547 New Park Avenue,<br>West Hartford, CT 06110 | Common Units | 100% |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

------------------------------------------------------------- x

In re:                                           :        Chapter 11

                                                 :
COLT DEFENSE LLC,                                :        Case No. 15-_____ ( )
                                                 :
                              Debtor.            :        Joint Administration Requested

------------------------------------------------------------- x

**DECLARATION REGARDING LIST OF**
**EQUITY SECURITY HOLDERS**

I, Dennis Veilleux, the undersigned authorized officer of the above-captioned debtor, declare under penalty of perjury that I have reviewed the foregoing List of Equity Security Holders and that such list is true and correct to the best of my knowledge, information, and belief.

Date: June 14, 2015

                              By: */s/ Dennis Veilleux*_____
                              Name: Dennis Veilleux
                              Title: President and Chief Executive Officer